**METS SCHIRO MCGOVERN & PARIS, LLP**
555 United States Highway One South, Suite 320
Iselin, New Jersey 08830
Tel. (732) 636-0040
Fax (732) 636-5705
Attorneys to Plaintiffs, Teamsters Local 97 Benefits
Fund and the Trustees of the Fund

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TEAMSTERS LOCAL 97 BENEFITS FUND AND JOHN J. GEROW, MARIA PEREZ, AND DANIEL REIMAN as TRUSTEES OF THE FUND**, <br><br> Plaintiffs, <br><br> v. <br><br> **WHITE HOUSE HEALTHCARE AND REHABILITATION CENTER**, <br><br> Public Employer. | DOCKET NO.: *PENDING* <br><br> <u>CIVIL ACTION</u> |

**COMPLAINT**

Plaintiffs, Teamsters Local 97 Benefits Fund, John J. Gerow, Maria Perez, and Daniel Reiman as Trustees of the Fund, by their attorneys, complain of the Defendant, White House Healthcare & Rehabilitation Center as follows:

<u>**THE PARTIES**</u>

1.  Plaintiff Teamsters Local 97 Benefits Fund (hereinafter, "the Fund") is an "employee welfare benefit plan" within the meaning of 29 <u>U.S.C.</u> § 1002(1).  The Fund's primary place of business is 485 Chestnut Street, Township of Union, County of Union, State of New Jersey 07083.

1

2.     Plaintiffs John J. Gerow, Maria, Perez, and Daniel Reiman (hereinafter, "the Trustees") comprise the Board of Trustees who are the named fiduciaries of the Fund within the meaning of 29 U.S.C. § 1102(a).  The Trustees administer the Fund at 485 Chestnut Street, Township of Union, County of Union, State of New Jersey 07083.

3.     Defendant White House Healthcare and Rehabilitation Center (hereinafter, "White House") is an employer engaged in an industry affecting commerce.  White House's primary place of business is 560 Berkeley Avenue, City of Orange Township, County of Essex, State of New Jersey 07050.

## JURISDICTION AND VENUE

4.     This action arises under Section 502 of the Employee Retirement Income Security Act (hereinafter, "ERISA"), 29 U.S.C. § 1132.

5.     Jurisdiction is proper in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1131 because 29 U.S.C. § 1132(e) vests the district courts of the United States with exclusive jurisdiction with civil actions arising under ERISA.

6.     Venue is proper in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(1)-(2) because White House resides in the State of New Jersey and a

substantial part of the events and omissions giving rise to this claim occurred in the State of New Jersey.

### POWERS AND AUTHORITY OF THE TRUSTEES

7. The Fund is governed by the Restated, Supplemented and Amended Agreement and Declaration of Trust of the Teamsters Local 97 Benefits Fund (hereinafter, "the Trust Agreement").

8. Article III, Section 1(b)(ii) empowers the Trustees to collect employer contributions and any other monies and property to which the Fund may be entitled.

9. Article VI, Section 4(b) of the Trust Agreement establishes that the Trustees may undertake an audit of any employer in connection with payments required under a collective bargaining agreement.

10. Article VI, Section 4(c) of the Trust Agreement establishes that employers must provide books and records for an audit within fifteen (15) days after written demand and that failure to comply with an audit demand empowers the Fund to seek all remedies available, including, but not limited to, all employer contributions found due and owing by an audit, ten percent (10%) interest, recovery of audit fees, attorneys' fees, and Court costs.

### OBLIGATIONS OF WHITE HOUSE

11. White House and International Brotherhood of Teamsters, Local Union No. 97 (hereinafter, "the Union") are parties to a collective bargaining agreement (hereinafter, "CBA").

12. Article 11, Section 1 of the CBA obligates White House to make contributions to the Fund to provide health insurance coverage to all employees working within the Union bargaining unit.

13. Article 11, Section 4 of the CBA obligates White House to "make available to the Fund, such pertinent records of employees that the Fund may reasonably request, to soundly and efficiently operate the Fund."

## THE FUND'S AUDIT DEMANDS

14. Article III, Section 1(b)(i) empowers the Trustees to retain professional accounting services for the purpose of proper administration of the Fund.

15. Pursuant to this provision of the Trust Agreement, the Fund retained the accounting services of Ennis Hargadon, LLC (hereinafter, "the Auditor").

16. On May 23, 2016, the Auditor contacted White House via e-mail to schedule a payroll audit for the audit period of January 1, 2014 through March 31, 2016.  This e-mail provided White House with a list of specific documents and materials that were necessary to complete a payroll audit.

17. As of June 1, 2016, the Auditor had received no response to its May 23, 2016 request for materials and documents to conduct a payroll audit.  Based on this lack of response, a second request for the same specific documents and materials was made on June 1, 2016.

4

18. On or about June 9, 2016, a representative of White House left a voicemail message for the Auditor requesting a call back to discuss the payroll audit.

19. Between June 9, 2016 and June 17, 2016, the Auditor telephoned White House three (3) times, leaving voicemail messages each time. The Auditor received no response to these messages.

20. Based on White House's lack of response, Fund Counsel issued a written demand for compliance with the Auditor's documents and materials requests via Certified Mail, Return Receipt Requested and by USPS First Class Mail on June 22, 2016.

21. This audit compliance demand allowed White House until June 29, 2016 to contact the Auditor.

22. Fund Counsel received a Return Receipt for this audit demand which confirmed White House received the audit demand on June 27, 2016.

23. As of the date of this Complaint, White House has not provided the Auditor, the Fund, or Fund Counsel with the documents and materials requested to conduct a payroll audit.

## COUNT ONE

24. The Fund and the Trustees incorporate the facts as set forth in Paragraphs 1 through 23 above as if set forth fully herein.

25. White House breached the terms of the CBA and is in violation of the Trust Agreement because it has continually failed

and refused the Fund, acting through the Auditor, to complete a payroll audit.

26.  The Fund and the Trustees have engaged the Auditor and the undersign attorneys to compel an audit of White House's payroll records.

27.  White House is obligated to pay the attorney and auditor fees and court costs incurred by the Fund and the Trustees pursuant to the Trust Agreement and 29 U.S.C. § 1132(g)(2)(D).

28.  Pursuant to the Trust Agreement and 29 U.S.C. § 1132(g), White House is obligated to pay any benefit contributions shown to be due upon the Auditor's completion of the audit, as well as any liquidated damages and interest assessed on the principal balance of same.

29.  Pursuant to 29 U.S.C. § 1132(g)(2), the Fund is entitled to an amount equal in addition to the principal delinquent contributions found due and owing which is equal to or greater than:

    (a)  double interest; or,
    (b)  interest plus liquidated damages.

**WHEREFORE**, the Fund and the Trustees seek relief from this honorable Court as follows:

A.  That White House be required to immediately provide access to any and all documents and materials sought by the Auditor to complete a payroll audit for the audit period of January 1, 2014 through March 31, 2016;

6

B. That White House be ordered to pay all welfare benefit contributions found due and owing to the Fund by the Auditor within ten (10) days of completion of the payroll audit;

C. That White House be ordered to pay the audit fees, Court costs, and attorneys' fees incurred by the Fund and the Trustees in bringing this action to compel compliance with a payroll audit demand;

D. That White House be ordered to pay liquidated damages and interest on all monies found due and owing to the Fund by the Auditor;

E. That the Fund and the Trustees be granted any and all other relief as this Court deems, just, equitable and appropriate.

Respectfully submitted,

**METS SCHIRO MCGOVERN & PARIS, LLP**
555 U.S Highway One South, Suite 320
Iselin, New Jersey 08830
Tel. (732) 636-0040
Fax (732) 636-5705
E-Mail: mclark@msmlaborlaw.com
Attorneys for Plaintiffs, Teamsters Local 97 Benefits Fund and the Trustees of the Fund

By: ____*/s/ Matthew T. Clark, Esq.*_____
        MATTHEW T. CLARK, ESQ.

Dated:        October 4, 2016

7